IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR TOLBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1292 |
| | § | |
| BRAZOS M & E LTD. | § | |
| d/b/a BRAZOS M & E, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Brazos M&E Ltd. d/b/a Brazos M&E's Motion for Summary Judgment (Document No. 27). After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows:

I. Background

This is a race discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII") by Plaintiff Arthur Tolbert ("Plaintiff") against his former employer Defendant Brazos M&E Ltd. d/b/a Brazos M&E ("Defendant"). Plaintiff, a black male, began working for Defendant as a Utility Helper/Laborer ("U") in 1990. Document No. 27 exs. A at 33-34; A-2.[1] The following year,

---

[1] Defendant uses a letter system to classify its employees. See Document No. 27 ex. B ¶ 3. Under this system, a "U" is a Utility Helper/Laborer, a "C" is a Craftsman, an "S" is a Specialist, and an "F" is a Foreman. Id.

Plaintiff's immediate supervisor Melvin Treesh ("Treesh") promoted Plaintiff to Craftsman ("C"), and Plaintiff held this classification throughout the remainder of his employment. Id. ex. A at 39, 45-46.

In early 2003, Plaintiff was working as part of a six-person crew assigned to Defendant's operations at Dow Chemical's ("Dow") Freeport, Texas facility. See id. ex. B ¶¶ 2, 5. Other members of Plaintiff's crew included Treesh, who was an "F" employee, and Sylvester Mendez ("Mendez"), who was an "S" employee. Id. ex. B ¶¶ 4, 7. In February 2003, Defendant terminated Mendez's employment, leaving Plaintiff's crew with five members and an empty position to fill. Id. exs. A at 112-13; B ¶¶ 12-13. At the recommendation of Treesh and a Dow representative, Defendant transferred William Stidman ("Stidman"), a "C" employee, to fill the empty position. Id. exs. A at 115; B ¶¶ 7-8.[2] Although Defendant maintains that Stidman's transfer was not a promotion and that Stidman remained a "C" employee for more than a year following his transfer, Plaintiff believes that Stidman was promoted to an "S" after the transfer. Id. exs. A at 108-09; B ¶¶ 8-9.

On March 25, 2003, Plaintiff left his employment with Defendant. Id. ex. A at 62, 94-95. Plaintiff contends that he was

---

[2] According to Defendant, although every crew required an "F" employee, Defendant maintained no other requirements regarding a crew's composition. Thus, a crew might be composed of one "F" employee, five "C" employees, and no "S" employees.

forced to resign because it was too humiliating and embarrassing to continue working for Defendant when it appeared to him that he would never receive a promotion. Id. ex. A at 120-23. Three days later, on March 28, 2003, Plaintiff filed a Charge of Discrimination with the EEOC. Id. exs. A at 90; A-25. On December 29, 2003, the EEOC sent by certified mail to Plaintiff a Notice of Right to Sue ("Notice"). Id. exs. A at 160-62; A-31. The United States postal service left official notice of the certified mail at Plaintiff's address on December 30, 2003, and Plaintiff picked up the letter from the post office on December 31, 2003. Id. exs. A at 162; A-31; A-32. On March 31, 2004--91 days after Plaintiff received the Notice--Plaintiff's counsel filed this lawsuit. *See* Document No. 1.[3]

In his First Amended Complaint, Plaintiff contends that Defendant intentionally discriminated against him by failing to promote him on account of his race. *See* Document No. 3 ¶ 7. Consequently, Plaintiff contends, he "was effectively demoted, resulting in lost pay and benefits," and "was constructively discharged from employment with [D]efendant." Id. ¶ 9. Defendant moves for summary judgment on Plaintiff's claim, asserting that:

---

[3] Although Plaintiff's counsel previously represented to the Court that Plaintiff was proceeding pro se at the time he filed his Original Complaint, *see* Document No. 8 at 8-9, Plaintiff admitted during his deposition that his counsel drafted, signed on his behalf, and filed the Original Complaint, *see* Document No. 27 ex. A at 10-18.

(1) Plaintiff's suit is time barred; (2) even if Plaintiff could overcome the limitations problem, there is no evidence that he applied for and was denied any available position, that Defendant promoted someone else, or that Defendant constructively discharged him; and (3) even if Plaintiff could make out a prima facie case, Plaintiff cannot raise a genuine issue of material fact that Defendant's explanation for not promoting him is pretextual or that in not promoting him, Defendant was motivated by his race.

## II. Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists

4

will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

Defendant first argues that Plaintiff's lawsuit is time barred because he did not file his Original Complaint within 90 days of his receipt of the Notice from the EEOC. Plaintiffs in employment

discrimination actions must exhaust administrative remedies before filing suit in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when a plaintiff files a timely charge with the EEOC and thereafter receives a statutory notice of right to sue. Id. at 379. After receipt of the right-to-sue notice from the EEOC, a claimant has 90 days within which to file a civil action. Id.; 42 U.S.C. § 2000e-5(f)(1). This 90-day limitations period is strictly construed. Taylor, 296 F.3d at 379. "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." Id. (citing Butler v. Orleans Parish Sch. Bd., No. Civ. A 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the 90-day period)).

The undisputed summary judgment evidence indicates that the 90-day limitations period began to run on December 31, 2003, the date Plaintiff picked up the Notice from the post office. *See* Taylor, 296 F.3d at 379 ("Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received*."). Plaintiff therefore had until March 30, 2004 to file his Original Complaint. Because Plaintiff did not file his Original Complaint until March

31, 2004, *see* Document No. 1,[4] and because he has neither argued nor presented any evidence that the limitations period should be equitably tolled, Plaintiff's suit is barred as untimely.[5]  Thus, Defendant is entitled to summary judgment.

Apparently recognizing that his Title VII claims are time-barred, Plaintiff, "by [his] response" to Defendant's motion for summary judgment, "seeks to amend his pleadings to include violations of Section 1981, for which the statute of limitations has not run."  *See* Document No. 28 ¶ 4.  Plaintiff's attempt to rewrite the legal basis for his suit through briefing does not satisfy his burden to defeat Defendant's motion for summary judgment.  Even if the Court construes Plaintiff's response as an implicit motion for leave to amend the First Amended Complaint, *see* Ganther v. Ingle, 75 F.3d 207, 211-12 (5th Cir. 1996), Plaintiff has not shown that good cause for amendment exists at this very late stage in the lawsuit.

---

[4] Plaintiff states in his response brief that his complaint "should be treated as one that timely arrived at the court, but was not processed until the following day, given the reasonable presumption that mail deposited in the same city as the destination arrives in one day."  *See* Document No. 28 ¶ 4.  Plaintiff presents no legal authority in support of this proposition, however, and the summary judgment record contains no evidence from which it could be inferred that the Original Complaint was filed on any date other than the date recorded on the official file stamp--March 31, 2004.  Thus, Plaintiff has failed to raise so much as a genuine issue of material fact that his Original Complaint was timely filed.

[5] Because Plaintiff's Title VII claims are time barred, the Court need not reach Defendant's alternative argument that Plaintiff's Title VII claims fail on the merits.

Whether to grant a party leave to amend pleadings after the time designated in the scheduling order is guided by Rule 16(b), which provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district court. *See* S&W Enters., LLC v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003); Ratliff v. City of Houston, No. Civ. A H-02-3809, 2005 WL 1745468, at *4 (S.D. Tex. July 25, 2005) (Atlas, J.) (citations omitted); *see also* Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (setting forth factors to consider in determining good cause). When a party has filed a motion for summary judgment, the opposing party's "attempt to raise new theories of recovery by amendment must be carefully scrutinized." Ratliff, 2005 WL 1745468, at *4 (citing Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999) ("[W]e more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."); Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992) ("[T]he fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely.")). Thus, "except under extraordinary circumstances, a party may not assert new claims in response to a motion for summary judgment." Ratliff, 2005 WL 1745468, at *4.

Actually, Plaintiff has not filed a formal motion for leave to amend his First Amended Complaint that complies with the Rules, nor did he ever submit a proposed amendment. *See* FED. R. CIV. P. 15(a); L.R. 7.1, 10.1. Moreover, Plaintiff offers no explanation for his failure earlier to assert a § 1981 claim, if he has one, or for his failure timely to move for leave to amend. Any amendment at this juncture would clearly prejudice Defendant, given that Defendant has filed a motion for summary judgment dealing with all of the claims set forth in Plaintiff's First Amended Complaint, discovery has ended, the motions deadline has passed, and the trial date is rapidly approaching. Accordingly, good cause to modify the scheduling order is absent, and Plaintiff will not be granted leave to amend his First Amended Complaint to add a § 1981 claim.

IV. Order

For the reasons set forth, it is hereby

ORDERED that Defendant Brazos M&E Ltd. d/b/a Brazos M&E's Motion for Summary Judgment (Document No. 27) is GRANTED, and Plaintiff Arthur Tolbert's Title VII claims are DISMISSED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 7th day of October, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE